UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN Y. LI,<br><br>    Plaintiff,<br><br>  v.<br><br>BALATI YAKUFUJIANG and YUSUFU TALIGULI,<br><br>    Defendants. | Case No. 22-cv-07188 NC<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED BACK TO STATE COURT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

Defendants Balati Yakufujiang and Yusufu Taliguli removed this unlawful detainer case to this court from Santa Clara County Superior Court on November 16, 2022. ECF 1. This Order requires the Defendants to "show cause" by filing a written response by December 9, 2022, explaining why the case should not be remanded back to Superior Court.

The federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, the defendants) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The Court must presume a lack of jurisdiction until the party asserting jurisdiction establishes otherwise. *Id.*

1  Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction. I consider each jurisdictional source in turn.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331. The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

"Diversity jurisdiction" is assessed under 28 U.S.C. § 1332. The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy in the suit must exceed $75,000.

Applied here, the removal notice asserts that the unlawful detainer complaint presents a "federal question" because the complaint presents "federal questions" and a demurrer in state court "depend on the determination of . . . rights under federal law." Dkt. No. 1 ¶ 5, 10. But the sole claim in the complaint is for unlawful detainer under California state law. There does not appear to be a substantial question of federal law that is implicated by plaintiff's complaint. Nor is there diversity of citizenship shown.

Additionally, defendants have not satisfied 28 U.S.C. § 1446(a) by filing a copy of "all process, pleadings and orders served upon such defendant." For example, defendants filed only the first page of a demurrer to the complaint, ECF 1 at p. 12.

Finally, the removal notice does not appear to be timely. Notice of removal of a civil action shall be filed within 30 days after the receipt of the initial pleading by defendant. 28 U.S.C. § 1446(b). Here, the demurrer at ECF 1 p. 12 was filed by defendants on September 14, so defendants apparently knew of the complaint by that date at the latest. November 16 (the date of removal) is more than 30 days after September 14.

If a case removed from state court lacks subject matter jurisdiction, then the federal

court must remand it back to state court. 28 U.S.C. § 1447(c). An order remanding may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

In conclusion, defendants have not established that federal subject matter jurisdiction is satisfied; the removal does not appear timely; and they did not file all pleadings from state court. This Order requires the defendants to "show cause" by filing a written response by December 9, 2022, explaining why the case should not be remanded back to Superior Court.

Finally, the Court informs defendants that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: November 21, 2022        _____
                                NATHANAEL M. COUSINS
                                United States Magistrate Judge